**TEXAS STEEL CO. v. MISSOURI, K. & T. R. CO. et al.**

No. 12951.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 17, 1934.

Rehearing Denied March 30, 1934.

George W. Armstrong, of Fort Worth, for appellant.

Robert Harrison, Wren, Pearson & Jeffrey, Cantey, Hanger & McMahon, and Thompson & Barwise, all of Fort Worth, Crosby, Estes & Estes, of Greenville, and Sewell, Taylor, Morris & Garwood, of Houston, for appellees.

On Motion for Rehearing.[1]

LATTIMORE, Justice.

This is on a suit for excess freight charges. The appellant alleges that the Interstate Commerce Commission of these United States has entered its order permitting transit privileges on carload shipments of "structural iron or steel for bridges or buildings or railway car bodies, rivets, nuts, and bolts; also iron or steel articles to be converted into structural iron or tank iron or steel for buildings, bridges or ships, tanks, flues, pipes. stacks, hoppers, or silos; iron or steel roofing or siding; iron or steel coiling, and iron or steel shingles, also structural or tubular steel to be converted into steel derricks,—into any of the following points in Texas, viz: Beaumont, Dallas, Fort Worth, Harry's, Houston, Orange, San Antonio, and Wichita Falls, Texas"; that appellant is a domestic corporation having its business at Fort Worth, Tex., and that such transit privileges give its competitors outside the state advantage in freight rates and resultant prices to consumers; that the appellee railroads are

applying said Interstate Commerce Commission order to "reinforcing concrete bars" and to "merchant steel bars"; and that such order does not apply to these last named; that they are not "structural iron or steel"; also alleging conspiracy against appellant; and want of authority for their actions; that appellant is not financially able to carry this discrimination through the Interstate Commerce Commission; that appellant "has applied for relief to the Texas Railroad Commission and the state courts"; and that these recognize the injustice done appellant but have asserted want of authority to remove such discrimination.

"Structural steel" is defined by Webster as:

"a. Rolled steel in structural shapes; b. A kind of strong mild steel suitable for structural shapes."

"Structural shapes" are defined as:

"Any steel or iron member of such shapes as channel irons, iron beams being especially adapted to structural purposes in giving the greatest strength with the least material."

■■ If the question is one of law, then the courts may grant appellant relief without remanding him to the Interstate Commerce Commission. The construction of language used in its ordinary sense is a law question, Great Northern Ry. Co. v. Merchants'. Elevator Co., 259 U. S. 289, 42 S. Ct. 477, 66 L. Ed. 943, and within the jurisdiction of the state courts, Galveston Ry. v. Wallace, 223 U. S. 481, 32 S. Ct. 205, 56 L. Ed. 516; Gulf, C. & S. F. Ry. v. State, 97 Tex. 274, 78 S. W. 495.

■■ But where the question is one of fact as to whether the words used by the order have a peculiar meaning as in the technical terms of a particular trade, which meaning is a variance with that ordinarily assigned to such language, and where the orders of the Interstate Commerce Commission do not show the sense in which the term is used, then the controversy must be first submitted to the Interstate Commerce Commission which promulgated it. Texas & P. R. Co. v. American Tie Co., 234 U. S. 138, 34 S. Ct. 885, 58 L. Ed. 1255; Merchants' Elevator Co. Case, supra. If we are to take the words of the order in the meaning which they have to the ordinary person not acquainted with the talk of that trade, we believe the order includes "merchants' steel bars" and "concrete reinforcing bars." If by particular trade language those commodities are generally understood to be exclusive of those

[1] No opinion for publication on original hearing.

named in the order, that is a fact matter not within our jurisdiction.

Our former opinion is thus amended and upon our judgment of affirmance the motion for rehearing is overruled.